James Weiler; AZ Bar No. 034371
Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jweiler@zoldangroup.com
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Patrick Castro

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Patrick Castro**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **C&C Verde LLC dba Midas**, an Arizona limited liability company; **Christopher Conforti**, an Arizona resident, and **Nicholas Conforti**, an Arizona resident, | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Patrick Castro, for his Verified Complaint against Defendants C&C Verde LLC dba Midas, Christopher Conforti and Nicholas Conforti, hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

5. At all relevant times to the matters alleged herein, Plaintiff Patrick Castro resided in the District of Arizona.

6. At all relevant times, Plaintiff has been a full-time employee of Defendants from in or around September 1, 2015 through March 10, 2018.

7. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

8. Defendant C&C Verde LLC dba Midas is a limited liability company, authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9. Defendant Christopher Conforti is an Arizona resident. He has directly caused events to take place giving rise to this action. Christopher Conforti is the manager/owner of the previously identified corporate entity and has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Christopher Conforti is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Christopher Conforti determined the method and rate of Plaintiff's payment of wages. As person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Christopher Conforti is subject to individual and personal liability under the FLSA

11. Defendant Nicholas Conforti is an Arizona resident. He has directly caused events to take place giving rise to this action. Nicholas Conforti is the owner of the previously identified corporate entity and has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Nicholas Conforti is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Nicholas Conforti determined the method and rate of Plaintiff's payment of wages. As person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Nicholas Conforti is subject to individual and personal liability under the FLSA.

13. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Defendants have been engaged in interstate commerce and / or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

17. Defendant C&C Verde LLC dba Midas is an automotive repair shop.

18. In or around 2009, Plaintiff commenced employment with Defendants as a lead tech/shop foreman.

19. Plaintiff's pimary job duties included the performance of automobile repair and maintenance work, ensuring a clean working environment, and conducting inventory counts.

20. From September 1, 2015 until March 10, 2018, Plaintiff was a non-exempt employee paid an hourly rate of $18.18.

21. Plaintiff does not exercise discretion or independent judgment with respect to matters of significance.

22. Plaintiff does not have authority to formulate, affect, interpret, or implement Defendants' management policies or operating practices.

23. Plaintiff does not carry out major assignments in conducting the operations of Defendants' business.

24. Plaintiff does not perform work that affects business operations to a substantial degree.

25. Plaintiff does not have the authority or discretion to commit the Defendants in matters of significant financial importance.

26. Plaintiff does not have authority to waive or otherwise deviate from

Defendants' established policies and procedures without prior approval.

27. Plaintiff does not provide consultation or expert advice to management.

28. Plaintiff is not involved in planning long-term or short-term business objectives.

29. Plaintiff does not investigate and/or resolve matters of significance on behalf of Defendants.

30. Plaintiff does not represent Defendants in handling complaints, arbitrating disputes, or resolving grievances.

31. Plaintiff's primary duty is not the management of Defendants in which he is employed.

32. Plaintiff does not have the authority to, nor has he, hired or fired other employees.

33. Between September 1, 2015 through March 10, 2018, Defendants failed to properly compensate Plaintiff for all his overtime hours.

34. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours from September 1, 2015 through March 10, 2018.

35. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

36. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

37. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

38. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

40. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

41. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

42. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

43. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

44. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

45. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for all time worked in excess of 40 hours in a given workweek between September 1, 2015 through March 10, 2018, and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

47. Defendants have not made a good faith effort to comply with the FLSA.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

48.     Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.  For the Court to declare and find that the Defendants committed the following acts:

   i.  violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.  For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 17, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd, Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiff Patrick Castro

## **VERIFICATION**

Plaintiff Patrick Castro declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.



Patrick Castro