James Weiler; AZ Bar No. 034371
Michael Zoldan; AZ Bar No. 028128
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jweiler@zoldangroup.com
mzoldan@zoldangroup.com

Attorneys for Plaintiff
Patrick Castro

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Patrick Castro**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**C&C Verde LLC dba Midas**, an Arizona limited liability company; **Christopher Conforti**, an Arizona resident, and **Nicholas Conforti**, an Arizona resident,<br><br>Defendants. | Case No. CV-18-04715-PHX-JZB<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS C&C VERDE, LLC DBA MIDAS, CHRISTOPHER CONFORTI AND NICHOLAS CONFORTI**<br><br>**(Assigned to the Hon. John Z. Boyle)** |

Pursuant to the Federal Rule of Civil Procedure 55, Plaintiff Patrick Castro respectfully requests that the Court enter judgment by default against Defendants C&C Verde LLC dba Midas, Christopher Conforti and Nicholas Conforti.

**I.     Procedural History**

1.     The Verified Complaint (Dkt. 1) was filed on December 17, 2018 and served Nicholas Conforti (Dkt. 6) and Defendant Christopher Conforti (Dkt. 7) on December 26, 2018 and Defendant C&C Verde, LLC dba Midas on January 24, 2019 (Dkt. 12).

2.  An Answer or other pleading in response to the Verified Complaint was due on January 16, 2019 for Defendants Christopher and Nicholas Conforti and February 14, 2019 for Defendant C&C Verde LLC dba Midas. *See* F.R.Civ.P. 15(a)(3).

3.  Defendants have failed to plead or otherwise defend within the time allowed and, therefore, are now in default.

4.  The Clerk of the Court entered Default against Defendants C&C Verde LLC dba Midas, Christopher Conforti and Nicholas Conforti on March 27, 2019 (Dkt. 15).

5.  In support of this request, Plaintiff relies upon the record in this case and the affidavit submitted (herein as "**Exhibit 1**").

## II.  Argument

### A. Standards for Default Judgment

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-918, (9th Cir. 1087).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entnm't Group v. Bryant*, No. 03-6381,

2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004). In determining damages, the Court can properly rely on declarations submitted by the Plaintiff. F.R.Civ.P. 55(b)(2).

### B. Plaintiff has met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

#### 1. Possibility of prejudice to the Plaintiff

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendant has admitted the allegations of the Complaint. A default judgment stands as Plaintiff's only remaining act of recourse in this matter. Therefore, this factor weighs heavily in favor of default judgment.

#### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.  Moreover, Plaintiff has pled facts sufficient to establish his claims in the Verified Complaint.

### 3.  The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp. 2d at 1176.

In Exhibit 1, Plaintiff provides a damage calculation.  Plaintiff worked overtime every week from December 17, 2015 through March 10, 2018, on average 57 hours a week, but he was only paid his regular straight-time rate for 40 hours, and the overtime rate for 10 hours and he was not compensated at all for the remaining 7 hours of overtime he worked on average per week.  The damage calculation shows that Plaintiff is owed $22,143.24 in unliquidated damages.  The amount of damages is the result of Defendants' continued and repeated failures to pay Plaintiff all of the wages he was owed week after week. Defendants' have been served with the Complaint and decided not to respond to the Complaint.   Given the repeated and serious nature of Defendants' conduct versus the amount of money at stake, along with the seriousness of refusing to plead or defend against his lawsuit, this factor weighs in favor of Plaintiff.

### 4.  The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D. Cal. Jan. 16, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel* at 1471-1472. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Defendants were served by process server and therefore they have received actual notice of the filing of the action and the Verified Complaint and failed to answer. Defendants have not presented any evidence that the default resulted from excusable neglect. Therefore, the sixth *Eitel* factor also weighs in favor of Plaintiff and entering default.

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

Defendants have had time to answer and have failed to do so. As such, Defendants have failed to make any argument that they are entitled to a decision on the merits. Therefore, Plaintiff has met the *Eitel* factors for default judgment.

### C. The Court Should Grant a Liquidated Damages Award

The FLSA provides that any employer who violates the overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as

liquidated damages." *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); see also *Fontes v. Drywood Plus, Inc.* No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013).

Liquidated or double damages, represent compensation, and are not considered a penalty. "Double damages are the norm, single damages the exception." Id. at 920 (citation and internal quotation marks omitted); *Nellis v. G.R. Herberger Rev. Trust*, 360 F.Supp.2d 1033, 1044 (D. Ariz. 2005). Therefore, Plaintiff should be awarded an additional $22,143.24 in liquidated damages.

### D. Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Furthermore, Plaintiff is entitled to his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). In actions under the FLSA, employers who violate the [the Act] in addition to any judgment awarded to the plaintiffs, are liable for reasonable attorneys' fees of the action. 29 U.S.C. §216(b). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *Orozco v. Borenstein*, No. CV 11-02305- PHX-FJM (D. Ariz. Feb. 20, 2013). As this district and the 9th Circuit have made clear: "It is not only appropriate to award fees to a successful plaintiff, it is mandatory." *Orozco* at 3; See also: *Houser v. Matson*, 447 F.2d 860 (9th Cir. 1971).

If the Court enters default judgment, Plaintiff will satisfy the prevailing party/judgment analysis under 29 U.S.C. § 216(b) and is therefore entitled to his attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

### III. Conclusion

Based on the foregoing arguments, calculations and the pleadings of record, Plaintiff respectfully requests that the Court enter judgment against Defendants, individually and collectively, in favor of the Plaintiff in the amount of $44,975.98.

In addition, Plaintiff respectfully requests $689.50 in costs.

In addition, Plaintiff respectfully requests the Court allow him to file a motion for attorneys' fees following the award of a default judgment.

In addition, Plaintiff respectfully requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C. § 1961 and costs and attorney fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED May 9, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Patrick Castro

### CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2019, I electronically transmitted the foregoing document to the United States District Court, District of Arizona Court Clerk, using the CM/ECF System.

By: /s/ Elizabeth Medina