IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Castro,<br><br>  Plaintiff,<br><br>v.<br><br>C&C Verde LLC, et al.,<br><br>  Defendants. | No. CV-18-04715-PHX-JZB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs pursuant to the Fair Labor Standards Act (FLSA). 29 U.S.C. § 216(b), Fed. R. Civ. P. 54, and LRCiv 54.2. The Court grants Plaintiff's motion and awards attorneys' fees in the amount of $5,659.50.

**I.   Background.**

On December 12, 2018, Plaintiff filed his Verified Complaint. (Doc. 1.) Plaintiff alleged that between September 1, 2015 and March 10, 2017, he was not paid time and one-half for overtime work as required by the Fair Labor Standard Act. (*Id.*, ¶ 34.) Because the Defendants knew that Plaintiff's working hours exceeded 40 hours, they wrongfully withheld wages by failing to pay Plaintiff extra for overtime hours worked. (Id., ¶ 36, 37.) Service of process was initiated against all three Defendants. (Docs. 6, 7, 12.) However, none of the Defendants have appeared or challenged Plaintiff's allegations. On July 9, 2019, the Court granted Default Judgment against all Defendants. (Doc. 18.)

On July 23, 2019, Plaintiff filed this pending Motion for Attorneys' Fees and Costs pursuant to the FLSA, seeking total attorneys' fees in the amount of $4,970.00, and costs in the amount of $689.50. (Doc. 20.)

## II. Legal Standard.

An employer who violates the FLSA is liable to the employee for unpaid wages, an additional equal amount as liquidated damages, as well as attorney's fees and costs. 29 U.S.C. § 216(b). The attorney's fee provision for prevailing plaintiffs under the FLSA mandatory. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 n.5 (1978) (referencing § 216(b), among others, as a statute that "make[s] fee awards mandatory for prevailing plaintiffs"). A plaintiff requesting attorneys' fees must also comply with Fed. R. Civ. P. 54 and Local R. Civ. P. 54.2.

The "lodestar" method is used to gauge the reasonableness of an attorney's fee. *Outland v. Arizona Movers & Storage*, No. CV-18-01370-PHX-RCC, 2019 WL 2269423, at *1 (D. Ariz. May 28, 2019). To calculate the lodestar, the "number of hours reasonably expended on the litigation" is multiplied by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). LRCiv 54.2(c)(3) sets out a number of factors the court may consider when determining the reasonableness of the amount requested, including (a) time and labor required; (b) difficulty of the issues; (c) skill needed; (d) the customary fee in similar litigation; (e) whether fee is fixed or contingent; (f) the results obtained; (g) awards in similar actions; and (h) anything else deemed appropriate. LRCiv 54.2. Attorneys' fees are not premised solely on the fee agreement between the client and the attorney, but instead are determined "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

## III. Analysis.

Plaintiff's attorneys were hired on a contingency basis with a 40% contingency fee agreement. (Doc. 20 at 5.) A flat rate agreement did not exist between the parties. (*Id.*) The attorneys are now requesting $350 per hour. (*Id.*)

A rate of $350 per hour is reasonable in the state of Arizona for FLSA work. In the recent case of *Outland v. Arizona Movers and Shakers*, Plaintiff's attorneys were awarded a flat rate of $325.00 per hour after a default judgment was entered. No. CV-18-01370-PHX-RCC, 2019 WL 2269423, at *1 (D. Ariz. May 28, 2019). In its analysis, the *Outland* court weighed the fact that the Defendants "refused to defend this matter," so therefore "the time, labor, and complexity of this case is minimal." *Id.* Likewise, because the three Defendants in this case have not defended this matter, the Court finds that time, labor and complexity of the case are minimal.

Counsel has sufficiently shown that $350.00 per hour is a reasonable rate for a FLSA case in the state of Arizona. (Doc. 20 at 5.) Counsel has documented 14.2 hours of work, multiplied by the hourly rate of $350.00, which equals a total of $4,970.00. (Doc. 20, Ex. 1 at 5.) Adding counsels' costs totaling $689.50 results in an overall attorneys' fee award of $5,659.50.

**IT IS ORDERED:**

1. Plaintiff's Motion for Award of Attorney's Fees pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216 (doc. 20) is **granted.**

2. Plaintiff is awarded $5,659.50 for fees pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216. The check shall be issued payable to Plaintiff, not his counsel, subject to the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2012).

3. Defendants C&C Verde LLC d/b/a Midas, Christopher Conforti, and Nicholas Conforti are jointly and severally liable for payment of attorneys' fees and costs.

4. The Clerk of the Court shall enter judgment accordingly.

**Dated** this 9th day of October, 2019.

Honorable Stephen M. McNamee
Senior United States District Judge