1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Patrick Castro,                         No. CV-18-04715-PHX-SMM-JZB

10                   Plaintiff,              **ORDER**

11   v.

12   C&C Verde LLC, et al.,

13                   Defendants.

14

15          Pending before the Court is a Report and Recommendation filed by Magistrate

16   Judge John Z. Boyle. (Doc. 37). The Report and Recommendation denied Defendants'

17   Motion to Set Aside Default Judgment (Doc. 23). Defendants have filed an Objection (Doc.

18   38), to which Plaintiff has replied (Doc. 45).

19   **I.      BACKGROUND AND PROCEDURAL HISTORY**

20          The background and procedural history of this case—to which the parties do not

21   object—is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 37). On

22   August 29, 2022, Defendants filed an Objection to the Report and Recommendation. (Doc.

23   38). Defendants attached as exhibits various documents from between 2017 and 2019—

24   medical bills, tax returns, and a furniture receipt —all of which list Nicholas Conforti's

25   address as a residence in Florida. (Doc. 38-1). On September 26, 2022, Plaintiff filed his

26   Reply to Defendants' Objection. (Doc. 45).

27   **II.     STANDARD OF REVIEW**

28          When reviewing a magistrate judge's report and recommendation, this Court "shall

make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). However, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## III.    DISCUSSION

Defendants move to set aside the default judgments as to all Defendants under two distinct theories. First, they argue that the default judgments are void under Rule 60 for lack of service. (Doc. 23 at 1). Second, they argue the default judgments should be set aside for good cause, under Rule 55(c). (Id.) The Court addresses each argument in turn.

### A.    Consideration of New Evidence

As an initial matter, the Court must decide whether to consider evidence that Defendants present for the first time in their Objection. As stated earlier, this evidence consists of tax returns, medical appointments, and furniture purchases. (Doc. 38-1). These documents list Nicholas' address as a residence in Florida rather than the one in Arizona, where service was attempted. (Doc. 38-1).

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) (quoting United v. Howell, 231 F.3d 615, 621 (9th

Cir. 2000)).

Defendants' explanation for their previous failure to introduce this evidence is that they were not cited a case for the proposition that their own affidavits were insufficient to overcome the presumption of service created by the Certificate of Service. (Doc. 38 at 9, n.1). This explanation is unavailing. The Magistrate Judge, in his order requiring supplemental briefing, specifically requested further evidence on the matter. (Doc. 34 at 1). The Magistrate Judge made clear that a self-serving affidavit was not sufficient evidence. (Id.) In response, Defendants simply offered a second self-serving affidavit, this time from Christopher—Nicholas' codefendant and son. (Docs. 35; 35-1). In addition, as Plaintiff notes, Defendants have not asserted that this new evidence was unavailable during earlier stages of litigation.

However, the Court is mindful of the context in which this new evidence is being offered—that is, in support of a motion to set aside default judgment. The Court notes the Ninth Circuit's assertion that "judgment by default is a drastic step appropriate only in extreme circumstances," and that a case should be decided on the merits whenever possible. United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). The Court further recognizes the importance of this evidence to Defendants' arguments as to why the default judgments should be set aside and the case decided on the merits. Because the new evidence is being offered in this specific context, the Court, in its discretion, will consider it.

### B.      Service Under 60(b)

Defendants argue that the default judgments are void under Rule 60 for lack of service. (Doc. 23 at 1). Defendants initially argued that proper service was not made on *any* Defendant. (Doc. 23 at 4-5). However, following the Magistrate Judge's Report and Recommendation, Defendants' argument focuses exclusively on whether Nicholas was properly served. (Doc. 38 at 6). The Court first addresses service on Christopher and C&C Verde, before turning to Nicholas.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.     Christopher and C&C Verde Were Properly Served

The Magistrate Judge found that Christopher and C&C Verde were properly served (Doc. 37 at 8-10), and Defendants do not object to this finding. Upon review, the Court incorporates and adopts this part of the Report and Recommendation and finds that both Christopher Conforti and C&C Verde were properly served. As such, the Court's analysis of service focuses only on whether Nicholas was properly served.

### 2.     Nicholas Was Not Properly Served

A final judgment is void and must be set aside under Rule 60(b)(4) if the court that considered the judgment lacked jurisdiction over the parties. S.E.C. v. Internet Sols. For Bus. Inc., 509 F.3d 1161, 1165 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Under Fed. R. Civ. P. 4(e) an individual defendant may be served by:
(1) following state law…;[1] or
(2) doing any of the following:
      (a) delivering a copy of the summons and of the complaint to the individual personally;
      (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
      (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Strict compliance with Rule 4, however, is not required. Whidbee v. Pierce Cnty., 857 F.3d 1019, 1023 (9th Cir. 2017); Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994) ("Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint."). Nonetheless, valid service still requires "substantial compliance" with Rule 4. Travelers Casualty v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation and quotes omitted). Ordinarily, the plaintiff bears the burden of establishing that service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). However, this burden may shift to the defendant in two

---

[1] Arizona's relevant rules on service are identical to those listed by Fed. R. Civ. P. 4(e)(2). Ariz. R. Civ. P. 4.1(d).

scenarios.

First, a defendant moving to vacate default judgment for improper service of process bears the burden to prove that he is entitled to relief when he "had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment." S.E.C. v. Internet Sols. For Bus. Inc., 509 F.3d 1161, 1163 (9th Cir. 2007). This first scenario is not applicable here. The certificate of service states that the process server interacted with Nicholas' daughter-in-law but not Nicholas himself. (Doc. 6). Plaintiff does not argue that Nicholas had actual knowledge of the Complaint before the entry of default judgment. Further, there is no direct evidence of such before the Court.

Second, when a defendant alleges that he was not properly served, "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." Id. Here, the process server supplied a signed return of service stating that the Complaint had been left on the porch of the Arizona residence after the server had spoken to Nicholas' daughter-in-law on the phone. (Id.) However, Defendants have in turn—albeit belatedly—supplied "strong and convincing evidence" that this residence was not Nicholas' "dwelling or usual place of abode." (Doc. 38-1). The documents provided by Defendants establish that Nicholas' "dwelling or usual place of abode" was a residence in Florida, not the Arizona residence where service was attempted.

The Court will not estop Nicholas from stating that his usual place of abode was this residence in Florida. As Plaintiff points out, Nicholas held himself out to the Arizona Corporation Commission as living at the Arizona address, by listing himself as the statutory agent for C&C Verde and listing his son's Arizona address as his own. However, Nicholas provided this information in June 2015, before the events underpinning this litigation commenced. (Doc. 37 at 2, 7). He did not hold out this address as his usual place of abode to Plaintiff specifically and did not do so repeatedly. See craigslist, Inc. v. Hubert, 278 F.R.D. 510, 515 (N.D. Cal. 2011) ("[A] defendant who has repeatedly represented to either the plaintiff or to outside parties that one residence is his place of usual abode may be estopped from later contesting that said residence was the proper location for service of

process."). This—together with Nicholas' belated explanation, (Doc. 38-1 at 3)—suggests that his being listed as a statutory agent at the Arizona address was a result of carelessness rather than any intent to shirk lawsuits. Further, Plaintiff knew or should have known that Nicholas lived in Florida and not at the Arizona residence because the process server who attempted to serve C&C Verde at the Arizona residence noted in the Certificate of Service that Nicholas was "not at this address, he lives in FL., per Gina Conforti, daughter-in-law." (Doc. 12-1).

As a result, Plaintiff retains the burden of establishing that service was valid under Rule 4. Because Nicholas was not served personally, was not served at his "dwelling or usual place of abode," and there is no evidence that he possessed actual knowledge of the Complaint, Plaintiff did not substantially comply with Rule 4 when attempting to serve Nicholas. Plaintiff has not met his burden of establishing that Nicholas was validly served.

Nicholas was not validly served, and the Court was without personal jurisdiction over him when it issued default and default judgment. Accordingly, the Court sets aside both the default and default judgment as to Nicholas, under Rule 60(b)(4).

## C.  Good Cause Under Rule 55(c)

Next, Defendants argue that the default judgments should be set aside for good cause, under Rule 55(c). (Doc. 23 at 1). Because the Court has already set aside the default and default judgment as to Nicholas, it will confine its analysis here to whether it should set aside default and default judgment for good cause as to Christopher and C&C Verde.

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In determining whether there is good cause to set aside a default and default judgment, the Court considers three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks and brackets omitted); see also Franchise Holding II, LLC v. Huntington Rests. Grp.,

Inc., 375 F.3d 922, 925 (9th Cir. 2004) ("The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)."). A court may refuse to set aside the default if it finds that any of these factors are true. Mesle, 615 F.3d at 1091; see also Franchise Holding II, 375 F.3d at 926.

The Magistrate Judge found that Defendants were legally sophisticated parties and were culpable and thus ended the inquiry there, declining to set aside the defaults and default judgments. (Doc. 37 at 11-14).

### 1.    Culpability

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Mesle, 615 F.3d at 1092 (citations omitted). "The Ninth Circuit has established two separate standards for whether consciously failing to respond to a complaint fits the meaning of 'intentionally' as used in the definition of culpability." Martinez v. Auto Now Fin. Servs. Inc., No. CV-21-01155-PHX-JAT, 2022 WL 1395728, at *2 (D. Ariz. Apr. 18, 2022). The applicable standard depends on the defendant's "legal sophistication." Vistancia Dev. LLC v. Preston, No. CV-21-01707-PHX-SMB, 2022 WL 2159053, at *4 (D. Ariz. June 15, 2022). A defendant who is "legally sophisticated" is culpable if he "received actual or constructive notice of the filing of the action and failed to answer." Mesle, 615 F.3d at 1093 (quotation marks and citation omitted).

By contrast, a defendant who is not "legally sophisticated" is culpable only if he "acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process"; a "conscious choice not to answer" is insufficient. Id. (citation and quotation marks omitted). A defendant's legal sophistication is assessed by considering the defendant's "general familiarity with legal processes or consultation with lawyers at the time of the default." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 699 n.6 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001)

Defendants argue that neither Christopher nor C&C Verde is culpable. Their position largely hinges on the argument that neither Christopher nor Nicholas is legally sophisticated because neither is an attorney. (Doc. 38 at 18). While the cases Defendants cite to involve defendants deemed legally sophisticated because they were lawyers, there is no requirement that a defendant must be a lawyer to be deemed legally sophisticated. See TCI Group, 244 F.3d at 699 n.6. As the Ninth Circuit explained in TCI Group, "[a]bsent some explanation . . . it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves." Id. Here, at the time of service, Defendants had recently been involved in litigation and had consulted with lawyers during that litigation. (Doc. 38 at 19; Doc. 23 at 3). Defendants should therefore have been well aware of the need to answer Plaintiff's Complaint and of the consequences of failing to do so. The Court can only conclude that Defendants Christopher and C&C Verde did so consciously, seeing "some advantage to themselves." Id.

The Court finds Defendants to be legally sophisticated parties who had constructive or actual notice of Plaintiff's Complaint and failed to answer. Defendants are therefore culpable, and our enquiry ends there. The Court will deny Defendants' motion to set aside the default and default judgments for Christopher and C&C Verde.

**D.      Consequences of Setting Aside Default and Default Judgment as to Nicholas**

Having set aside default and default judgment as to Nicholas for lack of proper service, the Court next addresses whether it must vacate the default judgments as to Christopher and C&C Verde. Before making this Report and Recommendation, the Magistrate Judge issued an order for supplemental briefing on this issue. (Doc. 34). Plaintiff (Doc. 36) and Defendants (Doc. 35) both filed a corresponding supplemental brief.

Generally, when there are jointly and severally liable defendants and one or more default, final judgment should not be entered against the defaulting defendants until the matter has been adjudicated as to the non-defaulting defendants. Frow v. De La Vega, 82

U.S. 552, 554 (1872); see also 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2690 (4th ed. 2022) ("[J]udgment should not be entered against th[e] [defaulting] defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). If the non-defaulting defendants are successful, then the case should be dismissed as to all defendants, defaulting and non-defaulting alike. In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001).

Defendants, citing Frow and In re First T.D., argue that the Court must vacate the default judgments against Christopher and C&C Verde. (Doc. 38 at 13-15).

Plaintiff argues that if default and default judgment are set aside as to Nicholas, the default judgments as to Christopher and C&C Verde should remain undisturbed. (Doc. 36 at 3-4; Doc. 45 at 6). In making his argument, Plaintiff attempts to distinguish Frow and In re First T.D. (Doc. 3 at 4-5). As Plaintiff notes, in Frow and In re First T.D., the cases were adjudicated on the merits before the courts entered default judgment as to non-answering defendants. 82 U.S. at 554; 253 F.3d at 526. Here, that order is reversed—the Court has entered default judgment as to non-answering defendants and the merits have yet to be decided.

These procedural distinctions notwithstanding, the basic rule established by Frow is applicable to this case. Because Defendants are jointly and severally liable, final judgment should not be entered against the defaulting Christopher and C&C Verde until the matter has been adjudicated as to the non-defaulting Nicholas. As the Court explained in Frow, to hold otherwise would lead to "absurd[]" and "unreasonable" inconsistencies. 82 U.S. at 554. Here, for instance, that could lead to a situation where the Court holds Christopher and C&C Verde liable as to Plaintiff's claims, despite later finding those claims to be completely meritless. Accordingly, the Court will vacate the default judgments as to Christopher and C&C Verde. Plaintiff, of course, may once more move for default judgments against Christopher and C&C Verde after the matter has been adjudicated as to Nicholas.

///

**IV.      Conclusion**

The Court sets aside the default and default judgments as to Nicholas Conforti because he was not properly served. The defaults shall remain in place for Christopher and C&C Verde, but their default judgments shall be vacated.

Accordingly,

**IT IS HEREBY ORDERED adopting in part and declining to adopt in part** the Magistrate Judge's Report and Recommendation. (Doc. 37).

**IT IS FURTHER ORDERED granting in part and denying in part** Defendants Motion to Set Aside Default. (Doc. 23).

**IT IS FURTHER ORDERED setting aside** the entries of default and default judgment as to Defendant Nicholas Conforti.

**IT IS FURTHER ORDERED vacating** the default judgments against Defendants Christopher Conforti and C&C Verde LLC.

**IT IS FURTHER ORDERED directing** the Clerk of the Court to reopen the case.

Dated this 7th day of December, 2022.

Honorable Stephen M. McNamee
Senior United States District Judge