**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Castro,<br><br>        Plaintiff,<br><br>v.<br><br>C&C Verde LLC, *et al.*,<br><br>        Defendants. | No. CV-18-04715-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Patrick Castro's Motion to Reconsider Order Vacating the Default Judgments Against Christopher Conforti and C&C Verde LLC (Doc. 51, "Mot."), to which Defendants C&C Verde LLC d/b/a Midas ("C&C Verde") and Christopher Conforti filed a Response in opposition (Doc. 59, "Resp."), and Plaintiff filed a Reply in support (Doc. 60). Also at issue is Defendants' Motion for Evidentiary Hearing on Damages (Doc. 49), to which Plaintiffs have not filed a Response. The Court finds these matters appropriate for disposition without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Plaintiff's Motion to Reconsider, reinstates the previously entered default judgments against Defendants Christopher Conforti and C&C Verde LLC, and denies as moot Defendants' Motion for Evidentiary Hearing on Damages.

**I.    BACKGROUND**

This case has a relatively convoluted history, having now been before multiple judicial officers of this Court. For the purposes of adjudicating the instant Motions, the Court deems it unnecessary to recount the full background of the case and refers the reader

to the Background and Procedural History set forth in the Magistrate Judge's Report and Recommendation of August 16, 2022. (Doc. 37 at 2–3.) The Magistrate Judge's Report and Recommendation concerned a motion by Defendants (Doc. 23) to set aside the default judgments entered against them on July 9, 2019 (Doc. 19). The Magistrate Judge recommended the motion be denied. Defendants thereafter filed an Objection (Doc. 38).

In an Order on December 7, 2022, Senior District Judge McNamee adopted in part and declined to adopt in part the Magistrate Judge's Report and Recommendation. (Doc. 46.) In the Order, the Court incorporated and adopted the Magistrate Judge's recommendation denying the motion to set aside the default and default judgments as to Defendants Christopher Conforti and C&C Verde, finding that they were properly served and had constructive or actual notice of Plaintiff's Complaint and failed to answer. (*Id*. at 4, 6–8.) However, the Court found that Defendant Nicholas Conforti was not properly served and the Court was without personal jurisdiction over him when it entered default and default judgment against him. (*Id*. at 4–6.) The Court therefore set aside the default and default judgment as to Nicholas. (*Id*.) Having set aside default and default judgment as to Nicholas, the Court concluded that it also had to vacate the default judgments—but not the default—as to Christopher and C&C Verde. (*Id*. at 8–9.) The Court reasoned that because Plaintiff alleged the three Defendants were jointly and severally liable, it would be inappropriate for final judgment to be entered against the two defaulting Defendants until the matter has been adjudicated as to the one non-defaulting Defendant. (*Id*. at 9.)

The same day, Plaintiff voluntarily dismissed Nicholas from the case with prejudice.[1] (Doc. 47.) Plaintiff thereafter filed the instant Motion in which he requests that the Court reconsider its prior Order and reinstate the default judgments against Christopher and C&C Verde in light of Plaintiff's voluntary dismissal of Nicholas. (Doc. 51 at 2–3.) On January 12, 2023, this case was reassigned to the undersigned after a party elected assignment of the case to District Judge jurisdiction. (Docs. 57, 58.)

---

[1] Defendants do not argue that voluntary dismissal of Nicholas was improper. Plaintiff properly filed his Notice of Voluntary Dismissal of Defendant Nicholas Conforti prior to service of either an answer or motion for summary judgment. *See* F.R.C.P. 41(a)(1)(A)(i).

## II. LEGAL STANDARD

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.

LRCiv 7.2(g); *see also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may such motion repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

## III. ANALYSIS

The logic of Plaintiff's Motion is straightforward: As a result of Plaintiff's voluntary, post-Order dismissal of Nicholas, there is no longer a potentially jointly and severally liable and non-defaulting defendant whose presence in this case would preclude final judgment from remaining appropriately entered against the defaulting Christopher and C&C Verde. (Mot. at 2–3.) In other words, there is no longer a risk of future inconsistent judgments against jointly and severally liable defendants, which was the basis for the Court's Order vacating the default judgments against Christopher and C&C Verde. The Court reasoned:

- 3 -

> Because Defendants are jointly and severally liable, final judgment should not be entered against the defaulting Christopher and C&C Verde until the matter has been adjudicated as to the non-defaulting Nicholas. As the Court explained in *Frow* [*v. De La Vega*], to hold otherwise would lead to "absurd[]" and "unreasonable" inconsistencies. 82 U.S. [552,] 554 [(1872)]. Here, for instance, that could lead to a situation where the Court holds Christopher and C&C Verde liable as to Plaintiff's claims, despite later finding those claims to be completely meritless. Accordingly, the Court will vacate the default judgments as to Christopher and C&C Verde. Plaintiff, of course, may once more move for default judgments against Christopher and C&C Verde after the matter has been adjudicated as to Nicholas.

(Doc. 46 at 9.) The matter having now "been adjudicated as to Nicholas," Plaintiff argues that Christopher and C&C Verde should not enjoy a second bite at the apple to adjudicate damages when there is no longer a risk of inconsistent judgments and the Court has already found these Defendants culpable. (Doc. 51 at 3.)

Plaintiff asserts that reconsideration is the appropriate vehicle for the relief he seeks because his voluntary dismissal of Nicholas constitutes a "new fact" that was not available at the time of the Court's Order vacating the default judgments. (Mot. at 2.) Defendants respond that Plaintiffs fail to cite authority to support this "novel request" and note that Plaintiff could have dismissed Nicholas at any time prior to the Court's Order. (Resp. at 1.) But there was no apparent reason until entry of the Order on December 7, 2022 for Plaintiff to voluntarily dismiss Nicholas given that the *status quo ante* was default and default judgment against each of the three Defendants. The Court's Order created the incentive for Plaintiff to voluntarily dismiss Nicholas, which he promptly did. It was no doubt self-serving for Plaintiff to have caused this new fact to come into existence, but Defendants have not provided authority that such is improper or that the Court otherwise is precluded from considering voluntary dismissal under these circumstances as new evidence upon which it may reconsider a prior order. The Court therefore will reconsider its Order vacating the default judgments as to Christopher and C&C Verde.

Defendants suggest that because the default judgments against them have been vacated, the Court does not have authority to reinstate them. (Doc. 59 at 1–2.) This

argument is unpersuasive. Defendants cite the Ninth Circuit's statement in *Ditto v. McCurdy* that "[w]hen a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment. The vacated judgment lacks force or effect and places the parties in the position they occupied before entry of the judgment." 510 F.3d 1070, 1077 n.4 (9th Cir. 2007) (quoting 47 Am. Jur. 2d *Judgments* § 714 (2006)). But neither the quoted statement, nor the holding of *Ditto*, establish that a district court cannot reconsider an order vacating, and thereafter reinstate, a default judgment. Plaintiffs cite to a case in which a district court in the Southern District of New York did just that. *See Odfjell Seachem A/S v. Cont. De Petrols Et Invests. SA*, 613 F. Supp. 2d 497 (S.D.N.Y. 2009) (reconsidering and vacating prior order vacating default judgment and reinstating same); *cf. Butner v. Neustadter*, 324 F.2d 783, 785–87 (9th Cir. 1963) (reversing district court order reinstating previously vacated default judgment upon reconsideration, but not on the grounds that the court lacked authority to reinstate default judgment after vacatur).

      Next, Defendants' Response sets forth arguments challenging Plaintiff's default judgment on the merits. (Resp. at 2–4.) These arguments come too late. The Court already found Christopher and C&C Verde to be legally sophisticated parties who had constructive or actual notice of Plaintiff's Complaint and yet failed to answer it, and therefore could "only conclude that [they] did so consciously, seeing 'some advantage to themselves.'" (Doc. 46 at 7–8 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 n.6 (9th Cir. 2001)).) Finding Christopher and C&C Verde's culpability to be dispositive of the denial of their motion to set aside the default judgments against them, the Court determined that it did not need to consider whether Defendants had a meritorious defense. (*See id*. at 8.) As discussed, the Court set aside the default judgments against Christopher and C&C Verde solely based on Nicholas's presence in this lawsuit—a situation that no longer exists. It therefore would not be a "manifest injustice," as Defendants contend (Doc. 59 at 3–4), for the Court to reinstate the default judgments against Christopher and C&C Verde that the Court previously entered after finding Plaintiff had sufficiently proved the damages he sought. (*See* Doc. 18 at 5–6.)

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion to Reconsider Order Vacating the Default Judgments Against Christopher Conforti and C&C Verde LLC (Doc. 51). The Court has reconsidered only that portion of its Order of December 7, 2022 (Doc. 46) in which the Court vacated the default judgments against Defendants Christopher Conforti and C&C Verde LLC. All other aspects of the Order remain in effect.

**IT IS FURTHER ORDERED** reinstating the default judgments entered against Defendants Christopher Conforti and C&C Verde LLC on July 7, 2019 (Doc. 19).

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion for Evidentiary Hearing on Damages (Doc. 49).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this matter.

Dated this 2nd day of March, 2023.

Honorable John J. Tuchi
United States District Judge