**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Castro, | No. CV-18-04715-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| C&C Verde LLC, *et al.*, | |
| Defendants. | |

At issue is the Motion for Reconsideration (Doc. 62) filed by Defendants C&C Verde LLC d/b/a Midas ("C&C Verde") and Christopher Conforti. In their Motion, Defendants ask the Court to reconsider its Order (Doc. 61) reinstating the default judgments previously entered against them. The Court has not ordered Plaintiff to file a Response to Defendant's Motion, and none has been filed. *See* LRCiv 7.2(g)(2). For the reasons set forth below, the Court denies Defendants' Motion.

**I.    BACKGROUND**

As the Court noted previously, this case has a relatively convoluted history. The Court again refers the reader to the Background and Procedural History set forth in the Magistrate Judge's Report and Recommendation of August 16, 2022 (Doc. 37 at 2–3), as well as the Court's recitation of the subsequent procedural history in its Order of March 2, 2023 (Doc. 61 at 1–2), which is the subject of the instant Motion for Reconsideration.

In that most recent Order, the undersigned granted a Motion (Doc. 51) in which Plaintiff requested reconsideration of the Court's prior Order (Doc. 46) vacating the default

judgments entered against Defendants C&C Verde and Christopher Conforti in July 2019. The Court had vacated the default judgments against these two Defendants because it concluded that it would be inappropriate for final judgment to be entered against them until the matter had been adjudicated as to the third, non-defaulting Defendant, Nicholas Conforti, who the Court determined to not have been properly served. (Doc. 46 at 4–6, 8-9.)[1] When Plaintiff thereafter voluntarily dismissed Nicholas from the case, however, there was no longer a non-defaulting defendant whose presence would preclude final judgment from remaining appropriately entered against the defaulting Christopher and C&C Verde. The Court therefore reinstated the default judgments against them. (Doc. 61 at 3–5.)

On March 16, 2023, Defendants filed the instant Motion in which they ask the Court to reconsider its Order reinstating the default judgments previously entered against them. (Doc. 62.) Defendants maintain Plaintiff committed fraud on the Court within the meaning of Federal Rule of Civil Procedure 60(d)(3) by presenting false evidence in obtaining the default judgments. Defendants further contend the judicial officers of this Court who have reviewed Defendants' subsequent challenges to the default judgments have failed to address their fraud-on-the-court argument. On March 30, 2023—before the Court resolved the instant Motion—Defendants filed a Notice of Appeal to the Ninth Circuit. (Doc. 65.)

## II.   LEGAL STANDARD

As noted previously, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first

---

[1] At the time of the prior Order, this matter was before Judge McNamee for review of Magistrate Judge Boyle's Report and Recommendation pursuant to General Order 21-25. After Judge McNamee issued his Order, a party elected assignment of the case to District Judge jurisdiction and the case was reassigned to the undersigned. (Docs. 57, 58.)

>> time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.

LRCiv 7.2(g); *see also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may such motion repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**III.  ANALYSIS**

Defendants contend that none of the judicial officers who have considered their challenges to the default judgments has addressed their fraud-on-the-court argument under Rule 60(d)(3). Defendants did not raise this argument in their initial Motion to Set Aside Default Judgment, which they brought under Rules 55(c) and 60(b). (*See* Doc. 23.) While Defendants initially argued they had a meritorious defense because "[t]he amount of money estimated and claimed by Plaintiff is simply false" (Doc. 23 at 4), they did not specifically assert Plaintiff committed fraud on the court. They raised this argument for the first time in their Supplemental Motion to Set Aside Default Judgment, alongside an argument for relief under Rule 60(b)(6), and accompanied by certain evidence pertaining to Plaintiff's earnings while employed by Defendants. (Doc 25 at 4; Docs. 25-1, 25-2, 25-3.)

Plaintiff moved to strike Defendants' Supplemental Motion as procedurally improper. (Doc. 26.) The Court declined to strike the Supplemental Motion and permitted Plaintiff to respond, focusing on the standard applicable to Rule 60(b) motions. (*See* Doc. 28 at 3 n.2.) Plaintiff's Response likewise addressed the Rule 60(b) standard, focusing on Defendants' claim to a meritorious defense. (Doc. 32.) So, too, did Defendants' Reply, which did not mention fraud on the court. (Doc. 33.) Defendants re-raised their fraud-on-

the-court argument in objecting to the Magistrate Judge's Report and Recommendation, but gave it only a brief treatment. (*See* Doc. 38 at 25–26.) Reviewing the Report and Recommendation and finding C&C Verde and Christopher Conforti's culpability in failing to respond to the Complaint to be dispositive, the Court determined it did not need to consider whether Defendants had a meritorious defense. (*See* Doc. 46 at 8.) As noted, the Court vacated the default judgments against these Defendants, but only because it vacated the default and default judgment against Nicholas Conforti. (*Id.* at 8–9.) When Plaintiff dismissed Nicholas from the suit and thereafter moved for reconsideration, Defendants' Response reiterated the contention that Plaintiff made "false" claims regarding his earnings, but did not mention fraud on the court. (*See* Doc. 59.) As noted, the Court reconsidered only that portion of its prior Order vacating the default judgments against Christopher and C&C Verde, leaving intact its prior decisions regarding Defendants' culpability in failing to respond and the dispositive nature of the same. (*See* Doc. 61 at 5.)

The Court will now make clear what was implicit in its prior Orders: Defendants have not shown the default judgments should be set aside because Plaintiff committed fraud on the Court in obtaining them. The Ninth Circuit has "emphasiz[ed] that a party seeking to establish fraud on the court must meet a high standard." *Trendsettah USA, Inc. v. Swisher Intern., Inc.*, 31 F.4th 1124, 1132 (9th Cir. 2022). The power to vacate judgments for fraud on the court must be exercised "with restraint and discretion, and only when the fraud is established by clear and convincing evidence." *Id.* (quoting *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011)). Further, "not all fraud is fraud on the court." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). Adopting Professor Moore's definition, the Ninth Circuit has held it

> embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*Id.* In other words, the fraud must have "harmed the integrity of the judicial process." *Trendsettah USA, Inc.*, 31 F.4th at 1132 (citation and quotation marks omitted). Even

perjury, by itself, is normally not enough. *Id*. at 1132–33. There must be "an intentional, material misrepresentation directly aimed at the court." *Id*. at 1134 (quoting *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1097 (9th Cir. 2007)).

  Even if the Court were to assume—without deciding—that Plaintiff's affidavit in support of the default judgments contained incorrect information about his wages and hours, Defendants have not shown he engaged in an intentional scheme or effort to defraud the Court—let alone by clear and convincing evidence. For example, while Defendants claim Plaintiff misrepresented his wages in obtaining the default judgements "knowing it would not be challenged by Defendants," they fail to note Plaintiff made the same representations in the Verified Complaint that initiated this lawsuit, which Plaintiff filed long before he knew his damages would be determined in a default judgment proceeding rather than an adversarial one. (*See* Doc. 1, Compl. ¶ 20 (alleging hourly rate of $18.18 from September 1, 2015 until March 10, 2018); Doc. 17-1, Affidavit of Patrick Castro dated May 9, 2019, ¶ 8 (declaring "to the best of my personal knowledge and belief," that "[f]rom in or around September 1, 2015 until March 10, 2018, my hourly rate was $18.18 per hour").) As to the number of hours Plaintiff worked beyond the hours for which he was paid, the estimates Plaintiff provided to the Court appear to have been just that—estimates. (*See, e.g.*, Doc. 32-3, Declaration of Patrick Castro dated May 17, 2022, ¶ 7 ("As a result of working Monday through Friday from open to close plus additional hours after close and occasionally on Saturday, I estimated that I averaged 57 hours of work per week.").)

  Defendants complain of the unfairness of Plaintiff obtaining judgments against them based on evidence they now contend to be false, without Defendants having had the opportunity to challenge or contradict that evidence. But the Court has already concluded that the lack of an adversarial proceeding to determine Plaintiff's damages flowed from Defendants' culpability in failing to respond to Plaintiff's Complaint. (*See* Doc. 46 at 8.) Because Defendants have not met their heavy burden to show that Plaintiff obtained the default judgments through fraud on the Court, the Court will not reconsider its Order reinstating the same.

1  **IT IS THEREFORE ORDERED** denying Defendants' Motion for Reconsideration (Doc. 62).

Dated this 13th day of April, 2023.

_____
Honorable John J. Tuchi
United States District Judge